UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 03-20757-CIV-UNGARO-BENAGES

NIGHT BOX
FILED

JAN 14 2004

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

PEDRO FRANCISCO BLANCO, and
ALAN EDISIS

    Plaintiffs, and similarly situated
    individuals,

vs.

BEVSYSTEMS INTERNATIONAL, INC.,
d/b/a LIFE O2 a Florida corporation,
and GEORGE ROBERT TATUM III, an
Individual,

    Defendants.
_____/

## JOINT PRE-TRIAL STIPULATION

Pursuant to Local Rule 16.1.E. of the Southern District of Florida and the Court's Order, the parties hereby submit their joint pre-trial stipulation as follows:

    1.    **Short, Concise Statement of Case**

**Plaintiff:**

Plaintiffs were employed by Defendants as sales managers. Defendants stopped paying Plaintiffs their wages in or about November 2002, although Plaintiffs continued to work for Defendants through December 2002 and part of January 2003. Plaintiffs are owed wages, commissions and bonuses for at least this time period. Defendants failure to pay Plaintiffs their salary in or about November 2002 through part of January 2003 means that Defendants have violated the minimum wage provisions of the Fair Labor Standards Act (FLSA).

In addition, Plaintiff Blanco had an employment contract with Defendant Bev Systems

which required Bev Systems to reimburse Plaintiff Blanco for work-related expenses, which Defendant Bev Systems failed to do. Plaintiffs estimate that Plaintiff Blanco is owed approximately $6,200 in backpay, $8,000 in bonuses and more than $12,000 in expenses, as per his contract. Plaintiffs estimate that Plaintiff Edisis is owed approximately $5400 in backpay and $1000 in commissions. Plaintiffs are also entitled to liquidated damages, costs and attorney's fees.

**Defendants:**

Defendant BEV Systems International, Inc. is in the business of selling and distributing hyperoxygenated drinking water. Prior to November of 2002, it produced and bottled its product at its bottling plant on the west coast of Florida and maintained a sales force in Miami, in which Plaintiffs were territorial sales managers[1]. Disputes between shareholders and creditors resulted in litigation that led to the loss of the bottling plant and the entry of final judgments against BEV. As the bottling and distribution operations collapsed and final process was executed against BEV, Defendant laid off its entire sales force, including both Plaintiffs, on November 15, 2002, being financially unable to meet payroll for the pay period ending on that date.

Plaintiff BLANCO had a written contract with BEV that provided compensation as follows:

$ Salary of $39,000 per year.

$ Commission/bonus based on case sales by BLANCO and the salesmen he managed.

$ A non-recoverable draw of $16,000 per year against the first $16,000 in commissions, meaning that if commissions earned did not exceed $16,000, no commissions would be

paid, as they would be covered by the draw, but BEV could not recover the draw already paid to Blanco. The draw was to be paid only through August 15, 2002.

$     Reimbursement of properly documented expenses incurred in the course and scope of his employment.

Plaintiff EDISIS had an oral agreement for:

$     Salary of $24,000 per year through 3/30/02, after which he was raised to $32,000 per year through 10/31/02, and again to $42,000 per year from 11/1/02 through termination on 12/15/02.

$     A recoverable advance of $400 per month, plus further advances when necessary, for approved expenses incurred in the course and scope of his employment.

BEV owes BLANCO no bonuses or commissions. BEV admits, however, that it did not pay BLANCO anything for the period ending 12/15/02, that it owes BLANCO his net salary of $1,306.53 for that pay period, and consequently that it did not pay BLANCO the minimum wage for that pay period. In addition, BEV admits that it owes BLANCO the additional net sum[2] of $6,330.67 for approved but unpaid expense reimbursements. BEV stipulates that it owes BLANCO the total sum of $7,637.20 pursuant to his contract.

As to EDISIS, BEV admits that it did not pay him his net salary of $1,388.23 for the pay period ending 12/15/02, but denies that EDISIS has a viable minimum wage claim because he was paid $800 for that pay period, which exceeds the minimum wage amount. On the contract

---

[1] Plaintiff BLANCO managed the State of Florida; Plaintiff EDISIS managed the South Florida territory and reported to Plaintiff BLANCO.

count, BEV owes EDISIS $588.23, his remaining salary for the pay period ending 12/15/03, but overpaid EDISIS on advances and expense reimbursements, so that EDISIS owes BEV the net figure of $2,734.24. BEV owes EDISIS no bonuses or commissions, so that he has no viable claim of any kind against BEV.

2. <u>The basis of federal jurisdiction</u>

Jurisdiction of this action is conferred upon the court by section 16 (b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216 (b) and supplemental jurisdiction over the state law claim for breach of contract (Count II), pursuant to 28 U.S.C. § 1367(a). All acts or omissions giving rise to this dispute took place in the Southern District of Florida.

3. **<u>The pleadings raising the issues</u>**

1. Plaintiffs' Amended Complaint

2. Defendants' Answer and Affirmative Defenses.

4. **<u>A list of all undisposed motions or other matters requiring action by the Court.</u>**

1. Plaintiff's Motion for Partial Summary Judgment.

5. **<u>Concise statement of Uncontested facts</u>**

1. Defendant Bev Systems is in the business of licensing and distributing "Life O2 superoxygenated water", which is produced in various locations throughout the world and distributed in thirty-one (31) countries throughout the world.

---

[2] The non-recoverable draw payments of $666.67 bimonthly ceased on 8/15/02, but that sum continued to be paid through termination on 12/15/02 as partial reimbursement of BLANCO's expenses, which usually exceeded that sum and which BEV was financially unable to pay in full.

2.      Defendant Bev Systems has gross sales of more than $500,000 per year.

3.      As the chief executive officer (CEO) of Defendant Bev Systems, Defendant Tatum has ultimate authority over the day-to-day operations of that business and has had it since February 25, 2002.

4.      On December 15, 2002, according to BEV, or according to Plaintiffs in November of 2002, BEV stopped paying Plaintiff Blanco's wages, although Plaintiff Blanco continued to work for BEV, according to BEV, through December 15, 2002 and according to Plaintiffs through December 2002 and a portion of January 2003.

5.      BEV never paid Plaintiff Blanco bonuses or commissions pursuant to his written agreement with BEV, a copy of which was attached to Plaintiffs' Amended Complaint. BEV contends, however, that Plaintiff Blanco was not owed any bonuses or commissions because they never exceeded his non-recoverable draw.

6.      Defendants Bev Systems failed to pay Plaintiff Blanco expenses incurred in connection with his job with Defendants, pursuant to his written agreement with Defendants, a copy of which was attached to Plaintiff's Amended Complaint. *Id.*

7.      On December 15, 2002, according to BEV, or according to Plaintiffs in November of 2002, BEV stopped paying Plaintiff Edisis's wages, although Plaintiff Edisis continued to work for BEV, according to BEV, through December 15, 2002 and according to Plaintiffs through December 2002 and a portion of January 2003.

**6.     Issues of Fact which remain to be litigated**

1.      Whether either or both Plaintiffs are exempt from minimum wage as executive or administrative employees.

2.  Whether BEV had a good faith belief that their failure to pay Plaintiffs their wages, commissions and bonuses was not violative of the Fair Labor Standard Act.

2.  Whether BEV acted in good faith in failing to pay Plaintiffs their wages.

3.  Whether Robert Tatum, individually, is liable to either Plaintiff.

4.  The amount of damages, if any, due to either or both Plaintiffs in terms of wages owed to both plaintiffs, bonuses or commissions allegedly owed to both Plaintiffs and expenses owed to Plaintiff Blanco.

5.  The amount of attorney's fees and costs, if any, that are owed to either or both Plaintiffs.

7.  **Concise Statement of Issues of Law to Which there is Agreement**

1.  This court has subject matter jurisdiction over this action.

2.  At all time material to Plaintiffs, Complaint, Defendant Bev Systems was an enterprise engaged in commerce as such terms are defined by the FLSA

3.  Plaintiffs would be entitled to reasonable attorney's fees should Plaintiffs prevail in this matter.

6.  Plaintiffs would be entitled to costs and prejudgment interest should Plaintiffs prevail in this matter.

8.  **Concise Statement of Issues of Law to be decided**

1.  Whether Plaintiffs are exempt from minimum wage.

2.  Whether Plaintiffs are entitled to liquidated damages.

3.  Whether G. Robert Tatum is individually liable.

6

4.  Whether Plaintiff Edisis has a viable minimum wage claim and, if so, a viable contract claim.

**Plaintiff's Witnesses**

Plaintiffs

Jerome Pearring

George Robert Tatum III

**List of other possible witnesses:**

Henry Burkhardt

All of Defendants' witnesses.

All rebuttal and impeachment witnesses.

**Defendants' Witnesses**

All of Plaintiff's witnesses

Susan Herman

All reebuttal and impeachment witnesses.

**Plaintiff's Exhibits**

See Rule 26 disclosures.

**Defendants' Exhibits**

All of Plaintiff's exhibits

ADP payroll records

Checks made payable to Plaintiffs

Expense reports and attachments submitted by Plaintiffs

Contract with Plaintiff Blanco

Peachtree System reports regarding expenses payable and case sales for 2002.

Two Excel spreadsheets summarizing above evidence, amounts paid and amounts due.

All documents produced by all parties

All discovery responses

**SIGNATURE PAGE FOLLOWS**

Blanco/Edisis v. BEV
Case No. 03-20757-CIV-UNGARO-BENAGES

For Plaintiffs:

_____
Gary A Costales
Florida Bar No. 0948829

Law Office of Gary A. Costales, P.A.
2151 Le Jeune Road, Suite 200
Coral Gables, Florida 33134
(305) 441-8633
(305) 441-6424 (facsimile)

For Defendants:

_____
Carlos de Zayas
Florida Bar No. 198617

Diaz, O'Naghten & Borgognoni, LLP
Suite 200, Grand Bay Plaza
2665 South Bayshore Drive
Coconut Grove, Florida 33133
(305) 285-0257
(305) 285-0857 (facsimile)